United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 5, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03 – 60576
SUMMARY CALENDAR

———————————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

OTTO MELVIN RAMIREZ, also know as Arcadio Canul Vasquez,

Defendant - Appellant.

_____

On Appeal from the United States District Court for the
Southern District of Mississippi

_____

Before REYNALDO G. GARZA, DAVIS, and BARKSDALE, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:

In this appeal, we review Defendant - Appellant, Otto Ramirez's, sentence resulting from

a guilty-plea conviction for illegal reentry pursuant to 8 U.S.C. § 1326(a)(2) and (b)(1).  For the

following reasons, we uphold the sentence.

I.

FACTUAL AND PROCEDURAL HISTORY

Ramirez was detained by Mississippi police officers during a traffic stop and was

subsequently identified as an alien who had previously been deported in June 1998, April 1999,

-1-

and May 2001.

Officers also discovered that Ramirez pleaded guilty to aggravated assault with a deadly weapon in Texas state court in 1998 and was sentenced to eight years' deferred adjudication probation. According to information provided in Ramirez's Presentence Report (hereinafter, "PSR") in the present case, Ramirez had assaulted his wife by cutting her face with a knife.

Based upon this prior offense, Ramirez's base offense level of 8 was increased 16 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii). After a three-level reduction for acceptance of responsibility, Ramirez's total offense level was 21. Ramirez's criminal history category of III, combined with his total offense level of 21, made his Sentencing Guideline range 46-57 months.

Ramirez objected to the 16-level enhancement and argued that he was not adjudicated guilty of aggravated assault in the Texas state court case because he had received deferred adjudication probation. Ramirez also argued that the Texas offense was not an aggravated felony according to the statutory definitions provided in 8 U.S.C. § 1326 because he was not sentenced to a term of imprisonment of more than one year. Ramirez did not, however, object to the inclusion of this offense in the calculation of his criminal history score.

The Government argued that the enhancement was proper because the prior offense was for aggravated assault, which is a crime of violence as defined in U.S.S.G. § 2L1.2(b)(1)(A)(ii). The Government failed, however, to enter documents into evidence that would have proved the existence of the Texas state court conviction, despite the fact that the documents were present in the courtroom at the time Ramirez was sentenced.

The district court overruled Ramirez's objections and sentenced him to 54 months' imprisonment, followed by a three-year term of supervised release. Ramirez timely appealed.

## II.

## STANDARD OF REVIEW

We review the district court's interpretation and application of the Sentencing Guidelines de novo. *United States v. Charles*, 301 F.3d 309, 312 (5th Cir. 2002).

## III.

## EVIDENCE PROVING A PRIOR CONVICTION

Ramirez first contends that the Government did not present evidence sufficient to support the 16-level enhancement based upon a prior conviction. The Government concedes that it failed to introduce the documents proving the existence of a Texas state court conviction for aggravated assault with a deadly weapon, even though the record indicates that the documents were present in the courtroom at Ramirez's sentencing.

In making its sentencing decision, the district court may consider any relevant evidence without regard to its admissibility under the rules of evidence applicable at trial, provided the information has sufficient indicia of reliability to support its probable accuracy. *United States v. Davis*, 76 F.3d 82, 84 (5th Cir. 1996). The PSR is considered reliable and may be considered as evidence by the district court when makings sentencing determinations. *United States v. Vital*, 68 F.3d 114, 120 (5th Cir. 1995).

The defendant bears the burden of demonstrating that the information relied upon by the district court in sentencing is materially untrue. *Davis*, 76 F.3d at 84. If the defendant fails to offer rebuttal evidence to refute information in the PSR, the sentencing court is free to adopt the information without further inquiry. *Vital*, 68 F.3d at 120.

Ramirez's argument that the Government failed to sufficiently prove the existence of his

Texas state court conviction is unpersuasive. Ramirez did not challenge the existence of the conviction in regards to the calculation of his criminal history category. Nor does he deny the existence of the conviction in arguing that the district court incorrectly characterized the conviction as a crime of violence. Thus, Ramirez has not shown that it was error for the district court to accept the existence of the aggravated assault conviction based upon information provided in the PSR. *Id.*

IV.

FINAL CONVICTION

Ramirez next argues that the sentence of deferred adjudication probation that he received was not a final conviction under the Texas Code of Criminal Procedure, and thus, the offense could not be used to enhance his sentence.

Ramirez incorrectly bases his argument on *Martinez-Montoya v. Immigration & Naturalization Service*, 904 F.2d 1018 (5th Cir. 1990), a holding that was superceded by statute in 1997. *Moosa v. Immigration and Naturalization Service*, 171 F.3d 994, 1001-02 (5th Cir. 1999); 8 U.S.C. § 1101(a)(48)(A). The term "conviction" is now defined as a formal judgment of guilt entered by the court or, if an adjudication of guilt has been withheld, where the judge has imposed some form of punishment, penalty, or restraint on the alien's liberty. *Moosa*, 171 F.3d at 1001-02. In amending the statute, Congress intentionally broadened the scope of the definition of "conviction" to include cases in which adjudication was deferred. *Id.* at 1002.

Ramirez received eight years' deferred adjudication probation after pleading guilty to aggravated assault. His prior Texas state court offense is a final conviction for the purposes of sentencing. *Id.* Thus, the district court did not err in applying a 16-level enhancement for a prior

conviction.

V.

"CRIME OF VIOLENCE"

Finally, Ramirez argues that the district court erred in applying a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) which calls for an increase in the defendant's base offense level, if the defendant has previously been convicted of a crime of violence. Ramirez argues that because he is charged with an immigration offense, the district court should look to the definition of "aggravated felony" provided in 8 U.S.C. § 1101(a)(43)(F), which defines an aggravated felony as an offense with a term of imprisonment of at least one year.

Interpretation of the Sentencing Guidelines is subject to the ordinary rules of statutory construction. *United States v. Carbajal*, 290 F.3d 277, 283 (5th Cir.), *cert. denied*, 537 U.S. 934 (2002). If the language of the guideline is unambiguous, our inquiry begins and ends with an analysis of the plain meaning of that language. *Id.*

The Sentencing Guidelines state that the district court should increase a defendant's offense level by 16 levels if the defendant has a prior felony conviction for a crime of violence. U.S.S.G. § 2L1.2(b)(1)(A)(ii). A crime of violence is defined as an offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another. U.S.S.G. § 2L1.2(b), comment. (n.1(B)(ii)(II)). The definition also specifically includes aggravated assault. *Id.*

Ramirez's argument that the sentencing court should look to 8 U.S.C. § 1101(a)(43)(F) is flawed because that section defines "aggravated felony" for the purpose of indictments pursuant to 8 U.S.C. § 1326(b)(2), which require a prior aggravated felony conviction. However, Ramirez

was charged pursuant to 8 U.S.C. § 1326(a)(2) and (b)(1), which only require the Government to prove that Ramirez was found unlawfully in the United States, and that he had been convicted of a felony offense other than an aggravated felony.

The Sentencing Guidelines have no requirement that a minimum sentence be imposed for an offense to constitute a crime of violence. *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii) and comment. (n.1(B)(ii)(II)). Ramirez's conviction for aggravated assault meets the Sentencing Guideline's definition of a crime of violence and merits a 16-level enhancement.

VI.

CONCLUSION

For the foregoing reasons, we uphold the conviction and sentence.