United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 25, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40982
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BERNABE COLINDRES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-03-CR-137-ALL
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Bernabe Colindres appeals his guilty-plea conviction and
sentence for re-entry of a deported alien in violation of 8
U.S.C. § 1326(a) and (b)(1).

Colindres argues that the district court erroneously
calculated his criminal history points when it assigned two
criminal history points to his 2001 Youngstown, Ohio, Municipal
Court conviction for Improper Handling of a Firearm in a Motor
Vehicle (Misdemeanor).  The plain error standard of review

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

governs this issue since it was not raised below. United States v. Wilder, 15 F.3d 1292, 1301 (5th Cir. 1994). The Government concedes that there was an error, that the error was clear or obvious, and that the error affected Colindres' substantial rights. See United States v. Olano, 507 U.S. 725, 732 (1993) (setting forth elements of plain error review).

The text of the Presentence Report ("PSR") states that for the offense at issue 173 days of Colindres' total sentence of 180 days were suspended. In accordance with the relevant Guidelines, this "sentence of imprisonment" was therefore only seven days and thus this conviction should not have received two criminal history points. See U.S.S.G. § 4A1.1(b) and comment.; U.S.S.G. § 4A1.2(b)(1) and (2); United States v. Carbajal, 290 F.3d 277, 283 (5th Cir.), cert. denied, 537 U.S. 934 (2002) (if the guideline language is unambiguous, this court's inquiry begins and ends with an analysis of the plain meaning of that language). This offense also did not qualify for criminal history points pursuant to U.S.S.G. § 4A1.1(c), since Colindres had other convictions that scored four points pursuant to U.S.S.G. § 4A1.1(c). Thus, the Guidelines indicate that there was an error in the PSR. Because the parties failed to mention this error to the district court, the error also affected Colindres' substantial rights, since Colindres' sentence is greater than the upper end of the correct Guidelines range. Additionally, the fairness of the judicial proceeding was seriously affected

because the increase in Colindres' sentence was erroneous and substantial. See United States v. Aderholt, 87 F.3d 740, 744 (5th Cir. 1996). We therefore VACATE the sentnece insofar as its calculation includes two criminal history points for Colindres' 2001 Youngstown, Ohio, Municipal Court conviction for Improper Handling of a Firearm in a Motor Vehicle (Misdemeanor).

Colindres also argues for the first time on appeal that the district court's application of the eight-level offense level increase of U.S.S.G. § 2L1.2(b)(1)(C) was plain error. He argues that the conviction that formed the basis for the adjustment, a California conviction for "Petty Theft With a Prior (Felony)" is not an "aggravated felony" under U.S.S.G. § 2L1.2(b)(1)(C). The Government does not concede that the district court erred with respect to this issue.

Unlike with the prior issue, the text of the PSR indicates that the district court did not commit clear or obvious error with respect to this issue. See Olano, 507 U.S. at 732-34. Rather, Colindres had a theft conviction prior to being deported and he was sentenced to one-year imprisonment for the theft conviction. Based on the plain language of U.S.S.G. § 2L1.2(b)(1)(C), the theft conviction qualified as an aggravated felony. See U.S.S.G. § 2L1.2(b)(1)(C) (the base offense level is increased by eight levels if a defendant who unlawfully enters the United States was previously deported after a conviction for an aggravated felony); U.S.S.G. § 2L1.2(b)(1)(C), comment. n.2

("aggravated felony" has the meaning given that term in 8 U.S.C. § 1101(a)(43)); 8 U.S.C. § 1101(a)(43) (aggravated felony means, inter alia, a theft offense for which the term of imprisonment is at least one year); 8 U.S.C. § 1101(48)(B) (term of imprisonment is deemed to include the period of incarceration or confinement regardless of any suspension of that imprisonment in whole or in part); United States v. Yanez-Huerta, 207 F.3d 746, 749 (5th Cir. 2000) (applying 8 U.S.C. § 1101(48)(B) to aggravated felony determination of U.S.S.G. § 2L1.2).  Thus, the language of the PSR and U.S.S.G. § 2L1.2(b)(1)(C) indicates that the adjustment is appropriate and the district court therefore did not plainly err when it relied on information in the PSR that Colindres did not challenge.  See United States v. Vital, 68 F.3d 114, 120 (5th Cir. 1995); United States v. Davis, 76 F.3d 82, 84 (5th Cir. 1996); United States v. Ramirez, _ F.3d _ (5th Cir. April 5, 2004) (No. 03-60576) 2004 WL 828096, *1-2.  The district court's judgment with respect to this issue is AFFIRMED.

Colindres also argues that the "felony" and "aggravated felony" provisions set forth in 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  Colindres' challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 227-47 (1998), in which the Supreme Court held that Congress intended to set forth sentencing factors in 8 U.S.C. § 1326(b), not a separate criminal offense, and that the sentencing provisions in 8 U.S.C. § 1326(b)

were not unconstitutional.  The Supreme Court in <u>Apprendi</u> expressly declined to overrule <u>Almendarez-Torres</u>.  <u>See</u> <u>Apprendi</u>, 530 U.S. at 489-90; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000).  This court must therefore follow the precedent set in <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule it."  <u>Dabeit</u>, 231 F.3d at 984.

AFFIRMED IN PART; VACATED IN PART AND REMANDED FOR RESENTENCING.