United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 10, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 03-41451
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

PEDRO AVILLA,

Defendant-
Appellant.

--------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-03-CR-455-ALL
--------------------------------------------------------------

Before SMITH, DeMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

Pedro Avilla appeals his guilty-plea conviction and sentence for being found in the United

States after deportation in violation of 8 U.S.C. § 1326(b). Avilla argues that the district court erred

in increasing his offense level by 16 points based on his prior aggravated assault conviction pursuant

to U.S.S.G. § 2L1.2(b)(1)(A). Avilla did not object to this enhancement in the district court and,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

therefore, review is limited to plain error. <u>See</u> <u>United States v. Rodriguez</u>, 15 F.3d 408, 414-15 (5th Cir. 1994). Because Avilla had a prior conviction for aggravated assault which falls within the definition of a crime of violence under the application notes to § 2L1.2, the 16-level enhancement of Avilla's sentence under § 2L1.2(b)(1)(A) was not error, plain or otherwise. <u>See</u> § 2L1.2, comment. (n.1(B)(ii)); <u>United States v. Ramirez</u>, __ F.3d __ (5th Cir. Apr. 5, 2004), 2004 WL 828096 at *3.

For the first time on appeal, Avilla argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in view of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). He concedes that this argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), but states that he is raising it to preserve it for further review. <u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>. <u>United States v. Hernandez-Avalos</u>, 251 F.3d 505, 507 & n.1 (5th Cir. 2001). We must follow <u>Almendarez-Torres</u> until the Supreme Court overrules it. <u>Hernandez-Avalos</u>, 251 F.3d at 507 n.1.

AFFIRMED.