United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 6, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20292
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAURICIO ZELADA-HERNANDEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-383-1
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Mauricio Zelada-Hernandez (Zelada) appeals his conviction and sentence following his guilty-plea to fraud and misuse of an alien registration card and illegal re-entry of an alien previously deported after conviction of an aggravated felony. Zelada contends that the district court plainly erred by applying the 16-level adjustment in U.S.S.G. § 2L1.2(b)(1)(A)(i) and that the felony and aggravated felony provisions in 8 U.S.C. § 1326(b)(1) & (b)(2) are unconstitutional.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Zelada received the sentence adjustment based on his prior conviction for selling or furnishing marijuana. Zelada did not object to the presentence investigation report's (PSR) characterization of his offense, and at sentencing, his counsel admitted that Zelada's prior conviction was for delivery of marijuana. The PSR stated that, based on court records, the conviction stemmed from Zelada's sale of marijuana to an undercover police officer. Zelada does not dispute this fact, but rather argues that his prior conviction was under CAL. HEALTH & SAFETY CODE § 11360(a) and that a conviction under this statute does not necessarily meet the definition of "drug trafficking offense" under § 2L1.2(b)(1)(A)(i). He asserts that the Government failed to sustain its burden to prove that his prior conviction qualified for the 16-level adjustment. In particular, he contends that no evidence outside of the statute of conviction and charging instrument should have been considered in applying the adjustment.

We review only for plain error because this argument is raised for the first time on appeal. See United States v. Diaz-Diaz, 327 F.3d 410, 412 (5th Cir.), cert. denied, 540 U.S. 889 (2003). It was not plain error for the district court to apply the adjustment given the information before it and the lack of any objections or rebuttal evidence. See United States v. Olano, 507 U.S. 725, 731-37 (1993); United States v. Ramirez, 367 F.3d 274, 277 (5th Cir.), cert. denied, 125 S. Ct. 145 (2004).

As Zelada concedes, his assertion that the felony and aggravated felony provisions in 8 U.S.C. § 1326(b)(1) & (b)(2) are unconstitutional is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998).  Likewise, Zelada's contention that under <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), his sentence could not be enhanced based on any prior convictions unless he admitted to them or they were found by a jury beyond a reasonable doubt, is foreclosed by <u>United States v. Pineiro</u>, 377 F.3d 464, 465-66 (5th Cir. 2004), <u>petition for cert. filed</u>, (July 14, 2004) (No. 04-5263).

AFFIRMED.