United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 23, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50336
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JOSE JIMENEZ-RENTERIA

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-1377-ALL-FM
--------------------

Before KING, Chief Judge, and WIENER and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Jose Jimenez-Renteria unconditionally pleaded guilty to unlawful presence in the United States after deportation. He was sentenced to 70 months of imprisonment. He appeals his sentence.

Jimenez-Renteria argues that his modified presentence investigation report ("MPSR") was the only source used by the district court to establish that he had a prior aggravated robbery conviction. He contends that the MPSR was insufficient to establish that this prior conviction was a "crime of violence"

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under U.S.S.G. § 2L1.2(b)(1)(A)(ii). Jimenez-Renteria also asserts that the district court should have applied the categorical approach set forth in Taylor v. United States, 495 U.S. 575 (1990).

The MPSR noted that, on April 7, 2003, Jimenez-Renteria pleaded guilty to aggravated robbery with a deadly weapon. Jimenez-Renteria has never denied that he had a prior aggravated robbery conviction. Therefore, the district court was free to adopt that information without further inquiry. See United States v. Ramirez, 367 F.3d 274, 277 (5th Cir. 2004).

Jimenez-Renteria did not object to this enhancement in the district court and, therefore, review is limited to plain error. See United States v. Garcia-Mendez, 420 F.3d 454, 456 (5th Cir. 2005). Because Jimenez-Renteria had a prior conviction for aggravated robbery which falls within one of the enumerated definitions of a crime of violence under the application notes to § 2L1.2, the 16-level enhancement of Jimenez-Renteria's sentence under § 2L1.2(b)(1)(A)(ii) was not plain error. See § 2L1.2, comment. (n.1(B)(iii)); Taylor, 495 U.S. at 599; United States v. Izaguirre-Flores, 405 F.3d 270, 273-275 (5th Cir. 2005), cert. denied, ___ S. Ct. ___ (Oct. 3, 2005) (No. 05-5469).

For the first time on appeal, Jimenez-Renteria contends that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional. As Jimenez-Renteria concedes, this argument is foreclosed by Almendarez-Torres v. United

<u>States</u>, 523 U.S. 224 (1998), which this court must follow "unless and until the Supreme Court itself determines to overrule it." <u>Izaguirre-Flores</u>, 405 F.3d at 277-78.

The sentence is AFFIRMED.