United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 7, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 05-51084
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS MORALES-JIMENEZ, also known as Rigoberto Morales,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-517-ALL
--------------------

Before JONES, Chief Judge, and SMITH and GARZA, Circuit Judges.

PER CURIAM:[*]

Carlos Morales-Jimenez (Morales) appeals his conviction and 57-month sentence for illegal reentry following deportation. Morales argues that the district court erred in allowing the Government to supplement the record on remand with certified copies of documents proving that his prior conviction for burglary of a habitation was a crime of violence that warranted the 16-level increase under U.S.S.G. § 2L1.2(b)(1)(A)(ii). He also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1326(b)(1) and (2) are unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).

At Morales's sentencing, defense counsel challenged the lack of evidence presented by the Government to establish that his conviction for a burglary of a habitation constituted a § 2L1.2(b)(1)(A)(ii) crime of violence. At the re-sentencing, defense counsel challenged the Government's failure to admit into evidence, at the original sentencing hearing, the documents necessary to establish the fact of Morales's prior conviction.

Morales does not challenge the accuracy of the documents provided to defense counsel at the original sentencing, nor does he argue that his burglary conviction does not warrant the § 2L1.2(b)(1)(A)(ii) increase. The Government's failure to formally introduce certified copies of the indictment and commitment order was not reversible error. <u>See</u> <u>United States v. Ramirez</u>, 367 F.3d 274, 276-77 (5th Cir. 2004). The district court did not err by allowing the Government to respond to defense counsel's objection at the re-sentencing by admitting evidence in support of its position. <u>See</u> Fed. R. Crim. P. 32(i)(2).

Morales's constitutional challenge is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998). Although Morales contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi</u>, we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding.

2

See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Morales properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review. Because Morales has shown no error in the judgment of the district court, that judgment is **AFFIRMED.**