United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 26, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

**No. 06-30318
Summary Calendar**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**ERIC W. VIGERS,**

**Defendant-Appellant.**

**Appeal from the United States District Court
for the Western District of Louisiana
(2:04-CR-20115-6)**

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Having pleaded guilty, Eric W. Vigers challenges his sentences for conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. §§ 371, 2, and interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951(a), 2.  (He does *not* contest his sentence for using a firearm during a crime of violence.)

Vigers contends the district court's Guideline's § 2B3.1(b)(4)(B) offense-level enhancement, applicable if a person was "physically restrained to facilitate the commission of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offense or to facilitate escape", was reversible error because his physically restraining victims during a robbery of the Lucky Peacock Casino was neither alleged in the indictment nor admitted to in his guilty plea's factual basis.

Notwithstanding Vigers' maintaining in his reply brief that this contention was raised in district court, it is, instead, raised for the first time on appeal. Accordingly, our review is only for plain error. *See* **United States v. Olano**, 507 U.S. 725, 732-35 (1993). Under such review, Vigers must show a clear or obvious error that affected his substantial rights. *E.g.*, **United States v. Castillo**, 386 F.3d 632, 636 (5th Cir. 2004). Even then, we retain discretion to correct the error; ordinarily, we will *not* do so unless it "affects the fairness, integrity, or public reputation of judicial proceedings". **Id.** (citation omitted).

Even after **United States v. Booker**, 543 U.S. 220 (2005), a presentence investigation report (PSR) is presumed to be sufficiently reliable such that a district court may properly rely on it during sentencing. *See* **United States v. Arviso-Mata**, 442 F.3d 382, 385 n.10 (5th Cir.), *cert. denied*, 126 S. Ct. 2309 (2006); *see also* **United States v. Ramirez**, 367 F.3d 274, 277 (5th Cir. 2004). The defendant bears the burden of demonstrating information relied upon by the district court in sentencing to be materially untrue. *See* **United States v. Davis**, 76 F.3d 82, 84 (5th Cir. 1996). If the defendant fails to offer rebuttal evidence to

2

refute information in the PSR, the sentencing court is free to adopt that information without further inquiry. *See* ***United States v. Vital***, 68 F.3d 114, 120 (5th Cir. 1995).

The district court did *not* err in attributing the physical restraint of robbery victims at the casino to Vigers. The PSR provided: two of Vigers' co-conspirators remembered him being personally involved in the robbery; and victims of that robbery were physically restrained. Vigers offered no evidence to rebut the facts contained in the PSR. Moreover, because the robbery was within the scope of the conspiracy to which Vigers pleaded guilty, even if he did not personally restrain the victims, his co-conspirators physically restraining the victims could be attributed to him, as such action was foreseeable given the nature of the offense. *See* U.S.S.G. § 1B1.3(a)(1)(B) (in the case of a jointly-undertaken criminal activity, a defendant's offense level shall be determined based upon "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity"); ***United States v. Burton***, 126 F.3d 666, 678 (5th Cir. 1997). Accordingly, there was no error, plain or otherwise, with respect to the enhancement.

Vigers' contention regarding the reasonableness of his sentences has *not* been adequately briefed and is, therefore, considered abandoned. *See* ***Yohey v. Collins***, 985 F.2d 222, 224-25

3

(5th Cir. 1993); *United States v. Thames*, 214 F.3d 608, 612 n.3 (5th Cir. 2000).

**AFFIRMED**