IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 23, 2008

Charles R. Fulbruge III
Clerk

No. 07-10603
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

V.

HOWARD EARL TAYLOR, also known as "T T"

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CR-71-1

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Howard Earl Taylor appeals the sentence imposed following his jury conviction of one count of distribution of cocaine base (crack cocaine) and two counts of distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The district court sentenced Taylor to the statutory maximum of 240 months of imprisonment on each conviction count and ordered the sentences to run consecutively, for a total of 720 months of imprisonment. Taylor argues that the district court erred by adopting the drug quantity set forth in the

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

presentence report (PSR) and by adopting the PSR's determination that he was an organizer or leader of criminal activity. He also argues that his sentence of three consecutive terms of 20 years of imprisonment, or a total of 720 months of imprisonment, is an unreasonable sentence.

Regarding drug quantity, Taylor argues, as he did in the district court, that the drug quantity set forth in the PSR was based upon unreliable information. This argument fails because Taylor did not offer evidence that rebutted the facts set forth in the PSR or "otherwise demonstrate[d] that the information in the PSR is unreliable." United States v. Cabrera, 288 F.3d 163, 173-74 (5th Cir. 2002). Moreover, at the sentencing hearing, Taylor examined the lead government agent, whose testimony indicates that the drug quantity determination was based upon credible sources and information that was corroborated by other facets of the investigation. Her sworn testimony bears sufficient indicia of reliability to be considered by the district court during sentencing. See United States v. Thomas, 12 F. 3d 1350, 1372 (5th Cir. 1994). Taylor has thus failed to demonstrate that the information set forth in the PSR regarding drug quantity is materially untrue, inaccurate, or unreliable. United States v. Ramirez, 367 F.3d 274, 277 (5th Cir. 2004); United States v. Parker, 133 F.3d 322, 329 (5th Cir. 1998). The district court did not clearly err in relying upon the information in the PSR regarding drug quantity. See United States v. Johnston, 127 F.3d 380, 403 (5th Cir. 1997).

Regarding the district court's determination that Taylor was an organizer or leader of criminal activity, Taylor argues, as he did in the district court, that the four point increase to his offense level based on organization or leadership of a criminal activity is not justified by reliable information. He contends that he was not close enough to the top of the supply chain to be deemed a leader or an organizer under U.S.S.G. § 3B1.1(a) (2006). Unrefuted facts in the PSR establish that Taylor operated multiple narcotics distribution houses, directed the drug trafficking of four other individuals, purchased large quantities of

powder cocaine, and manufactured and distributed crack cocaine directly or through others. Thus, the district court's conclusion that Taylor was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive is plausible in light of the record, and the district court did not clearly err when it increased Taylor's offense level by four levels pursuant to § 3B1.1(a). See United States v. Miranda, 248 F.3d 434, 446 (5th Cir. 2001); § 3B1.1, comment (n.4).

Finally, Taylor argues in general terms that his sentence is unreasonable because it is based upon unreliable information set forth in the PSR, recent amendments to the Guidelines indicate that the guidelines version that formed the basis for his sentence contained disproportionately harsh penalties for offenses involving crack cocaine, and his sentence is contrary to goals set forth in 18 U.S.C. § 3553(a). As we have discussed, we are not persuaded that the PSR contains unreliable information. Moreover, in the district court, Taylor did not object to the reasonableness of his sentence,[1] nor did he argue that his sentence failed to consider factors set forth in § 3553(a).[2] He also did not object that the 2006 version of the Guidelines that formed the basis for his sentence contained disproportionate penalties for offenses involving crack cocaine. This court's review is therefore for plain error. See United States v. Peltier, 505 F.3d 389, 391 (5th Cir. 2007), petition for cert. filed, (Jan 22, 2008) (No. 07-8978); United States v. Hernandez-Martinez, 485 F.3d 270, 272 (5th Cir. 2007). Taylor's broad assertions regarding this issue fail to demonstrate that there was error, that was plain, and that affected his substantial rights. See Peltier, 505 F.3d at 392.

---

[1] At the sentencing hearing, Taylor's attorney objected to drug quantities used in the sentencing calculations, the calculations themselves, the facts taken into account for the two-level adjustment for acceptance of responsibility, and a lack of proof of Miranda warnings, but he did not object to the sentence as unreasonable.

[2] Taylor's attorney only requested in a closing statement that the judge "take into account . . . other factors recommended by 3553 of the United States Code."

The judgment of the district court is AFFIRMED.