United States Court of Appeals
Fifth Circuit

**FILED**

June 19, 2008

Charles R. Fulbruge III
Clerk

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 06-20748
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

HUGO ISRAEL MORALES, JR

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CR-57-3

Before JONES, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

Hugo Israel Morales, Jr., appeals the 30-month sentence imposed following his guilty plea conviction for conspiracy and attempting to conceal, harbor, or shield from detection aliens who had entered the United States illegally, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and (B)(i). The sole issue raised by Morales on appeal is whether the district court plainly erred in applying a four-level increase pursuant to U.S.S.G. § 3B1.1(a) based on Morales's role in the offense. Morales argues that the evidence showed that he "only directed the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

activities of undercover law enforcement agents" and did not recruit or supervise lower level participants. Morales also argues that the presentence investigation report (PSR) improperly recommended the enhancement based on evidence that Morales "exercised management responsibility over the payment of transportation fees." Morales asserts that the district court's error affected his substantial rights because in the absence of the erroneously applied enhancement, his guidelines range of imprisonment would have been 18 to 24 months.

Although this court normally reviews a district court's finding concerning a defendant's role in the offense for clear error, because Morales failed to raise any objection to the enhancement in district court, review is for plain error. See United States v. Buchanan, 70 F.3d 818, 828-29 (5th Cir. 1995). "As a general rule, information in the pre-sentence report is presumed reliable and may be adopted by the district court without further inquiry if the defendant fails to demonstrate by competent rebuttal evidence that the information is materially untrue, inaccurate or unreliable." United States v. Carbajal, 290 F.3d 277, 287 (5th Cir. 2002) (internal quotation marks and citation omitted).

The evidence presented in the PSR demonstrates that Morales directed at least one other individual who was not a law enforcement agent. The district court did not impose the enhancement based solely on Morales's management over the payment of transportation fees. Because Morales adduced no evidence to rebut the PSR, the district court was free to adopt the PSR and to rely on the factual findings contained therein. See United States v. Ramirez, 367 F.3d 274, 277 (5th Cir. 2004).

Accordingly, the district court did not plainly err in imposing a four-level enhancement under § 3B1.1(a) based on Morales's role in the offense.

AFFIRMED.