**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 29, 2009

Charles R. Fulbruge III
Clerk

No. 08-51045
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHAD ALAN STRACKBEIN,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 6:08-CR-75-ALL

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Chad Strackbein appeals the sentence imposed after his guilty-plea conviction of attempted manufacture of methamphetamine and possession of a firearm in relation to a drug-trafficking crime. He argues that the district court erred

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in adjusting his offense level under U.S.S.G. § 2D1.1(b)(10)(A)(ii), because the government failed to prove that anhydrous ammonia is a "hazardous waste" or that his storage of the substance in propane tanks was "unlawful."

Strackbein did not argue, in the district court, that anhydrous ammonia is not a hazardous waste or that his method of storage was not unlawful. Accordingly, we review only for plain error. *See United States v. Sotelo*, 97 F.3d 782, 793 (5th Cir. 1996) (plain error review where appellant advances theory in the district court different from that presented on appeal). To demonstrate plain error, he must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*,129 S. Ct. 1423, 1429 (2009). If he makes such a showing, this court has the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Subsection (b)(10)(A) of § 2D1.1 applies if the conduct involved any storage covered by, *inter alia*, the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9603(b). § 2D1.1, comment. (n.19). Ammonia is listed in the hazardous material table of substances regulated by CERCLA. *United States v. Stepan*, 66 F. App'x 524, 524 (5th Cir. 2003) (citing 49 C.F.R. § 172.101, App. A (Table)). In addition, the presentence report ("PSR") provides that anhydrous ammonia is a "toxic substance" and that Strackbein had stored it in an "unapproved container." Because Strackbein adduced no evidence to rebut the PSR, the district court was free to adopt the PSR and to rely on the factual findings contained therein. *See United States v. Ramirez*, 367 F.3d 274, 277 (5th Cir. 2004). The imposition of the adjustment thus was not plain error. *See Baker*, 538 F.3d at 332.

Strackbein also contends that his sentence is substantively and procedurally unreasonable. Although he moved for a downward departure, he did not object to the sentence as unreasonable. Nor did he object to the court's failure to give reasons for imposing a within-guideline sentence. It is thus arguable that

Strackbein's challenge to the sentence is subject to plain-error review. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 2959 (2008). This court need not determine whether plain-error review is mandated, however, because Strackbein is not entitled to relief even assuming that he preserved his argument for review. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008).

Although the Supreme Court has stated that a sentencing court "will normally" explain why it has rejected the defendant's arguments, the Court did not mandate that the sentencing court give reasons for rejecting a defendant's specific arguments for a lower sentence. *Rita v. United States*, 551 U.S. 338, 356 (2007). The judge is required only to "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Id.*

Where the district court imposes a sentence within a properly-calculated guideline range and gives proper weight to the guidelines and the 18 U.S.C. § 3553(a) factors, this court will give great deference to the sentence and will infer that the district court has considered all the factors for a fair sentence set forth in the guidelines. *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008). Additionally, a sentence within a properly-calculated guideline range is presumptively reasonable. *Id.*

The district court asked Strackbein and his counsel for comments regarding sentencing. The court also asked Strackbein about his addiction. After that exchange, the court imposed the minimum sentence recommended by the guidelines. The record thus reveals that the court considered the mitigating factors offered by Strackbein and chose its sentence with them in mind. The sentence is not substantively or procedurally unreasonable.

The judgment of sentence is AFFIRMED.