**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 7, 2009

Charles R. Fulbruge III
Clerk

No. 09-10221
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SEAN FAUBION, also known as Shawn Faubion,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-147-5

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:[*]

Sean Faubion appeals the 97-month sentence imposed following his guilty plea conviction for maintaining drug involved premises, in violation of 21 U.S.C. § 856(a)(1). He first argues that the district court's determination of the amount of methamphetamine attributable to him for sentencing purposes was clearly erroneous because it was not based on information having a sufficient indicia of reliability.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review the district court's interpretation of the Sentencing Guidelines de novo, and we review any factual determinations made in sentencing for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). There is no clear error if the district court's finding is plausible in light of the record as a whole. *Id.*

In arriving at a drug quantity, the district court may rely upon information provided by codefendants and other witnesses, provided the information bears the minimum indicia of reliability. *United States v. Gaytan*, 74 F.3d 545, 558 (5th Cir. 1996)*; United States v. Shipley*, 963 F.2d 56, 59 (5th Cir. 1992). The defendant bears the burden of demonstrating that the information relied upon by the district court at sentencing is materially untrue. *United States v. Ramirez*, 367 F.3d 274, 277 (5th Cir. 2004).

Faubion was held accountable for 15 ounces or 425.25 grams of methamphetamine.[1] This amount was based on the statements of Faubion's roommate, Chris Wilganoski. Wilganoski stated that he observed Joshua Lohmann at Faubion's residence on five separate occasions and that on each occasion Lohmann was in possession of at least three ounces of methamphetamine. Although Faubion presented testimony in an effort to rebut the statements of Wilganoski, the district court heard the testimony and determined that the testimony did not undermine the reliability of Wilganoski's statements or the drug quantity calculation. We will not disturb a district court's credibility determinations made at sentencing. *See United States v. Sotelo*, 97 F.3d 782, 799 (5th Cir. 1996). The evidence relied on by the district court had a sufficient indicia of reliability, and the district court's factual finding

---

[1] We do not consider whether the district court erred in including the 70.8 grams of methamphetamine that Faubion allegedly sold to Wilganoski. Even if the amount is not included in the drug quantity calculation, Faubion's base offense level remains 30. *See* Drug Quantity Table, U.S.S.G. § 2D1.1(c)(5) (providing for a base offense level of 30 where the defendant is responsible for at least 350 grams but less than 500 grams of methamphetamine).

regarding the amount of drugs attributable to Faubion is plausible in light of the record as a whole. *See Cisneros-Gutierrez*, 517 F.3d at 764; *Gaytan*, 74 F.3d at 558.

Faubion also contends that the district court erred in denying his request for a four-level reduction under U.S.S.G. § 2D1.8(a)(2) for not participating in the drug offense beyond allowing the use of his home. The same de novo and clear error standards of review described above apply to this ground of error. *See Cisneros-Gutierrez*, 517 F.3d at 764. Because Wilganoski's statements showed that Faubion did more than merely allow his residence to be used as a drug house, the district court did not clearly err in denying a reduction under § 2D1.8(a)(2). *See id.*; § 2D1.8(a)(2), comment. (n.1). The judgment of the district court is affirmed.

AFFIRMED.