# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 19, 2010

No. 09-10403
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NGOC HONG NGUYEN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-119-18

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Ngoc Hong Nguyen appeals the 151-month sentence that he received after he pleaded guilty to conspiring to possess with intent to distribute Methylenedioxymethamphetamine, also known as ecstacy. The district court sentenced Nguyen based on a finding that Nguyen was involved with 101,080 ecstacy tablets. Nguyen does not challenge the district court's finding on the first 50,000 tablets. The crux of Nguyen's argument is that the district court clearly erred in relying on DEA Special Agent West's testimony about Nguyen's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

involvement with 51,080 tablets. According to Nguyen, Agent West's testimony was unreliable because it was based on wiretapped conversations in which Nguyen was identified only by Jimmy Nguyen, and Jimmy lacked credibility.

This court reviews the district court's determination of drug quantity for clear error, meaning that the court will affirm the finding as long as it is "plausible in light of the record as a whole." *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005) (internal quotation marks and citation omitted). To determine drug quantity, the district court may consider "any information that has sufficient indicia of reliability to support its probable accuracy, including a probation officer's testimony, a policeman's approximation of unrecovered drugs, and even hearsay." *Id*. at 247. "Ultimately, the district court need only determine its factual findings at sentencing by a preponderance of the relevant and sufficiently reliable evidence." *Id*. Nguyen bears the burden of demonstrating that Agent West's testimony about Nguyen's involvement with 51,080 ecstacy tablets is materially untrue, inaccurate, or unreliable. *See United States v. Ramirez*, 367 F.3d 274, 277 (5th Cir. 2004).

Agent West did not reference Jimmy when he testified about the wiretapped conversations. Instead, his testimony was that the DEA conducted a wiretap on Nguyen's telephone and recorded conversations in which Nguyen discussed ecstacy with "other co-conspirators" in California in September 2008. In those conversations, Nguyen discussed three different deals totaling 51,080 ecstacy tablets. Nguyen points to nothing that renders Agent West's testimony about the recorded conversations unreliable. Moreover, Nguyen's argument that Agent West's testimony is unreliable because the deals discussed in the recorded conversations did not come to fruition is specious because Nguyen pleaded guilty to conspiracy, which does not require completed transactions. *See United States v. Patino-Prado*, 533 F.3d 304, 309 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008). Because the record supports the district court's finding that Nguyen conspired

to possess with intent to distribute 101,080 ecstacy tablets, its calculation of the drug quantity was not clearly erroneous. *See Betancourt*, 422 F.3d at 246.

AFFIRMED.