# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 8, 2010

Lyle W. Cayce
Clerk

No. 09-40891
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CARLOS BORJAS,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:08-CR-112-1

Before BARKSDALE, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Carlos Borjas was convicted following a bench trial of: possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); receiving and possessing firearms with obliterated serial numbers and not registered in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871; unlawfully transferring registered weapons with obliterated serial numbers and unregistered weapons, in violation of 26 U.S.C. §§ 5841, 5861(e), and 5871; unlawfully transferring

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

registered weapons to another person, in violation of 26 U.S.C. §§ 5841, 5861(e), and 5871; possession and transfer of machine guns with obliterated serial numbers, in violation of 18 U.S.C. §§ 922(o) and 924 (a)(2); and possession and transfer of machine guns, in violation of 18 U.S.C. §§ 922(o) and 924(a)(2). Borjas was found not guilty of carrying and using a firearm in relation to a drug-trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(B)(i) and (c)(1)(B)(ii). He was sentenced to 121 months on the drug count and to concurrent sentences of 120 months on each of the firearm counts.

Borjas appeals the firearms sentences, contending: the district court abused its discretion at the sentencing hearing by admitting the transcript of an audio recording of one of the firearms transactions between Borjas and a confidential informant, which was used to enhance Borjas' sentence; and his sentence is both procedurally and substantively unreasonable.

In claiming the district court abused its discretion by admitting the transcript, Borjas asserts: the recording was unreliable, and the Government did not comply with Federal Rule of Evidence 901(b)(1)(5)'s requirement that it show the proper predicate for its admission. The Rules of Evidence, however, do *not* apply at sentencing proceedings. *See* FED. R. EVID. 1101(d)(3); *United States v. Young*, 981 F.2d 180, 187-88 (5th Cir. 1992). A district court at sentencing "may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy". U.S.S.G. § 6A1.3(a); *e.g.*, *United States v. Ramirez*, 367 F.3d 274, 277 (5th Cir. 2004). In other words, "due process merely requires that information relied on in determining an appropriate sentence have 'some minimal indicium of reliability' and 'bear some rational relationship to the decision to impose a particular sentence'". *Young*, 981 F.2d at 187 (quoting *United States v. Galvan*, 949 F.2d 777, 784 (5th Cir. 1991)).

Borjas fails to demonstrate the information was "materially untrue". *See Ramirez*, 367 F.3d at 277. Special Agent Casey testified at sentencing: he tested the electronic recording device to ensure it worked properly; he was physically present during the surveillance; he could see both Borjas and the confidential informant during their conversation; and he had previously worked with the confidential informant and was familiar with his voice. That certain portions of the conversation might not have been recorded, as Borjas contends, does *not* amount to showing what was recorded—that Borjas understood the altered firearms would travel to Mexico—was unreliable.

Further, Borjas fails to show his within-Guidelines sentence was either procedurally or substantively unreasonable. Pursuant to *Gall v. United States*, we engage in a bifurcated review, considering both the procedural propriety and substantive reasonableness of the sentence imposed by the district court. 552 U.S. 38, 48-51 (2007); *see also United States v. Delgado-Martinez*, 564 F.3d 750, 752-53 (5th Cir. 2009).

Although post-*Booker*, the Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guideline-sentencing range for use in deciding on the sentence to impose. *Gall*, 552 U.S. at 49-51. In that respect, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Borjas contends his sentence is procedurally unreasonable because the district court misapplied the Guidelines by: (1) enhancing his offense level under Guideline § 2K2.1(b)(1)(B), based on the number of firearms involved in the collective offenses; and (2) enhancing his offense level under Guideline § 2K2.1(b)(6), based on Borjas' "knowledge, intent, or reason to believe [any of

the firearms] would be used or possessed in connection with another felony offense", *i.e.*, cross the border into Mexico.  A sentence is procedurally sound if

> the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.

*Gall*, 552 U.S. at 51.

The four-level enhancement imposed pursuant to § 2K2.1(b)(1)(B) for Borjas' offenses involving between eight and 24 firearms was proper.  Borjas concedes there were three separate transactions involving six firearms, as is listed in the indictment. The presentence investigation report (PSR) established Borjas attempted to sell a seventh weapon to the confidential informant, but it was rejected due to poor quality.  The PSR also established Borjas sold an eighth weapon, an Uzi machine gun, to a co-defendant.  Further, the district court found Borjas delivered two additional firearms to his co-defendants that were *not* already accounted for.

Additionally, the four-level enhancement imposed pursuant to § 2K2.1(b)(6), based on Borjas' "knowledge, intent, or reason to believe" any of the firearms he sold the confidential informant would be "used or possessed in connection with another felony offense", was procedurally proper. The transcript for the conversation between Borjas and the confidential informant on 29 March 2007 revealed Borjas understood the weapons were being transported into Mexico when he sold them to the informant.  The district court found: Borjas had "reason to believe" the firearms he sold the informant were being transported into Mexico after purchase; and transporting these types of automatic weapons into Mexico was illegal.

The district court imposed other enhancements, but Borjas fails to present any contentions relative to them.  Therefore, any challenges to those

enhancements are abandoned. *E.g.*, *United States v. Torres-Aguilar*, 352 F.3d 934, 936 n.2 (5th Cir. 2003).

Borjas contends his sentence is substantively unreasonable because he had no criminal history points, and because he "led a decent and proper life" prior to his arrest. Borjas did *not* object to the substantive reasonableness of his sentence in district court; therefore, it is reviewed only for plain error. *Puckett v. United States*, 129 S. Ct. 1423, 1428-29 (2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Even under the normal standard of review, his contention fails.

Borjas was sentenced to the lowest end of the advisory-Guideline range on the firearm counts. A presumption of reasonableness applies to Borjas' within-Guidelines sentence. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Gutierrez-Hernandez*, 581 F.3d 251, 254 (5th Cir. 2009). The sentencing judge noted he considered all the factors under § 3553(a) and concluded a sentence within the Guidelines satisfied them. Borjas has failed to rebut the presumption of reasonableness because the sentencing judge "is in a superior position to find facts and judge their import under § 3553(a)". *Gall*, 552 U.S. at 51.

AFFIRMED.