# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-40472
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 12, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MANUEL RENDON-LUCAS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:13-CR-1171

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Manuel Rendon-Lucas pleaded guilty to conspiracy to transport illegal aliens within the United States resulting in bodily injury and placing into jeopardy the lives of others. The district court varied upwardly from the advisory guidelines range and sentenced him to 200 months of imprisonment. He asserts that the district court impermissibly abridged his counsel's right to present mitigating evidence pursuant to Federal Rule of Criminal Procedure

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40472

32(i)(4)(A)(i), by not allowing counsel to offer studies regarding the relationship between youth and brain development. We need not resolve whether Rendon-Lucas preserved this argument for appellate review because he is not entitled to relief under the less stringent harmless error standard. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008); *United States v. Reyna*, 358 F.3d 344, 348 (5th Cir. 2004).

As an initial matter, the district court did not bar counsel from offering studies about youth and brain development but rather precluded counsel from reading directly from studies that he located on a website without first providing them to the prosecutor or allowing the court to review them to determine their reliability. Although the district court was not bound by the Federal Rules of Evidence, evidence must have sufficient indicia of reliability, *see United States v. Ramirez*, 367 F.3d 274, 277 (5th Cir. 2004), and district courts have wide discretion to determine what evidence to consider, *see United States v. Cantu-Ramirez*, 669 F.3d 619, 628 (5th Cir. 2012).

Even if the district court's restriction on counsel's ability to read directly from the studies was error, the error was harmless. *See United States v. Andrews*, 390 F.3d 840, 846 & n.9 (5th Cir. 2004). The record reflects that counsel was able to convey the content of the studies regarding youth and brain development and make mitigating arguments based on that information. The district court considered the information but found that the egregious nature of the case warranted an upward variance and discounted Rendon-Lucas's youth and immaturity as a basis for sentencing leniency.

AFFIRMED.