# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-51148
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 15, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE DE REFRUGIO PALOMAR-MARTINEZ, also known as Jose Refrugio
Palomar-Martinez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-1696-1

Before DAVIS, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jose De Refrugio Palomar-Martinez appeals his sentence for illegally
reentering the United States after deportation, in violation of 8 U.S.C. § 1326.
The district court sentenced him to 42 months of imprisonment and three years
of supervised release.  Palomar-Martinez argues that the district court erred
in applying the 12-level enhancement in U.S.S.G. § 2L1.2(b)(1)(B) based solely

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 15-51148

on the presentence report (PSR), which characterized his prior Mississippi conviction of possessing with intent to distribute a controlled substance as a "drug trafficking offense." We review for plain error. *United States v. Chavez-Hernandez*, 671 F.3d 494, 497 (5th Cir. 2012).

Palomar-Martinez does not explain what conduct proscribed by the Mississippi controlled substances statute falls beyond the scope of the Guidelines' definition of "drug trafficking offense," much less show that the district court committed clear or obvious error in treating the prior Mississippi offense as categorically supporting the enhancement. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *see also United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010) (holding that failure to brief an argument waives it). Also, Palomar-Martinez did not question, or attempt to rebut, the information in the PSR in the district court. *See United States v. Ramirez*, 367 F.3d 274, 277 (5th Cir. 2004). In any event, even if we accept for the sake of argument Palomar-Martinez's premise that the district court should have consulted the sort of documents approved in *Shepard v. United States*, 544 U.S. 13 (2005), he cannot show plain error because the Government has supplemented the record on appeal with *Shepard* documents that confirm the PSR's description of the offense. *See United States v. Garcia-Arellano*, 522 F.3d 477, 480 (5th Cir. 2008), *overruled on other grounds by United States v. Hinkle*, 832 F.3d 569, 575 & n.27 (5th Cir. 2016).

AFFIRMED.