# United States Court of Appeals
# for the Fifth Circuit

———————

No. 22-50540
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
March 6, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Johnathan Irvin McKissick,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CR-349-1

———————————————————————

Before Smith, Southwick, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Johnathan McKissick pleaded guilty of possessing five grams or more of actual methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). McKissick was not given a reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility based on his post-plea conduct while in detention. As a result, his guideline range was 92 to 115 months of imprisonment.

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50540

He was sentenced to 115 months plus five years of supervised release. He maintains that the district court erred by denying him a reduction for acceptance of responsibility.

"A district court's refusal to reduce a sentence for acceptance of responsibility is reviewed under a standard even more deferential than a pure clearly erroneous standard." *United States v. Najera*, 915 F.3d 997, 1002 (5th Cir. 2019) (internal quotation marks and citation omitted). We will not reverse the decision to deny such a reduction unless it is "without foundation." *United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008).

The record does not demonstrate that the decision to deny a § 3E1.1 reduction—based on McKissick's assaulting a fellow inmate while in detention—was "without foundation." *Id.* "The defendant bears the burden of demonstrating that the information relied upon by the district court in sentencing is materially untrue." *United States v. Ramirez*, 367 F.3d 274, 277 (5th Cir. 2014). The court was entitled to rely on the information about the assault recorded in the PSR, given that it bore sufficient indicia of reliability because it was based on video recordings and statements of those present. *See United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012). McKissick offered no evidence to rebut the disputed information; thus, he did not meet his burden to show that the district court relied on inaccurate or materially untrue information. *See United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir. 2013). Accordingly, the court did not reversibly err by denying McKissick a § 3E1.1 reduction for acceptance of responsibility. *See Najera*, 915 F.3d at 1002.

AFFIRMED.