# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 20, 2011

No. 09-20872
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALVARO PIZANO-MURILLO, also known as Alvaro Murillo Pizano, also known
as Alvaro Pizano Murillo, also known as Alvaro P. Murillo, also known as Alvaro
Murillo,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-345-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Alvaro Pizano-Murillo (Pizano) appeals the sentence imposed following his
guilty plea conviction for being unlawfully present in the United States following
removal.  The district court applied an upward departure from the guidelines
sentence range based upon the inadequacy of Pizano's criminal history category,
and it sentenced Pizano to 28 months of imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

For the first time on appeal, Pizano argues that the district court erred by applying an upward departure without giving him advance notice that it was considering an upward departure. He maintains that the upward departure made the sentence excessive. Because Pizano did not raise this issue in the district court or request a continuance, we review for plain error only. *See United States v. Davenport*, 286 F.3d 217, 219 (5th Cir. 2002).

In the presentence report (PSR), the probation officer identified the inadequacy of Pizano's criminal history category as a possible ground for an upward departure due to Pizano's prior deportations and Pizano's large number of prior convictions that did not increase his criminal history category. This was sufficient notice that the district court was considering an upward departure, and the district court did not commit error, plain or otherwise, by applying an upward departure without giving Pizano sufficient notice. *See id.* at 219-20.

Also for the first time on appeal, Pizano argues that the district court erred by applying an upward departure based upon the inadequacy of his criminal history category without certified copies of the judgments of his prior convictions being introduced into evidence. He maintains that he would have had notice that the Government was seeking an upward departure if it had introduced the judgments into evidence. As Pizano did not raise this issue in the district court, we review for plain error only. *See United States v. Jenkins*, 487 F.3d 279, 281 (5th Cir. 2007).

The district court may not rely upon the description of a prior offense contained in the PSR in order to determine whether the prior offense is a type of offense meriting certain sentence enhancements. *United States v. Garza-Lopez*, 410 F.3d 268, 273-74 (5th Cir. 2005). However, if a defendant does not rebut the information contained in the PSR, the district court may rely upon the PSR to prove the existence of the defendant's prior convictions. *United States v. Ramirez*, 367 F.3d 274, 277 (5th Cir. 2004). As Pizano did not present any evidence rebutting the evidence of his prior convictions contained in the

PSR, the district court did not plainly err by relying upon the PSR to prove the existence of his prior convictions. *See id.*

Pizano's appointed counsel previously filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). In denying that motion, this court ordered counsel to file a brief on the merits of the issue whether the district court erred under *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010), by applying an eight-level enhancement for Pizano's having been removed subsequent to an aggravated felony conviction pursuant to U.S.S.G. § 2L1.2(b)(1)(C) based upon Pizano's multiple prior Tennessee convictions for simple possession of a controlled substance. Despite this court's order, counsel did not raise this issue in the merits brief that she filed. Nevertheless, because the Government concedes error and to further the interests of justice, we will consider the issue.

The district court rejected Pizano's objection to the eight-level enhancement based upon the then-binding precedent of this court. *See United States v. Cepeda-Rios*, 530 F.3d 333, 334-36 (5th Cir. 2008). In *Carachuri-Rosendo*, the Supreme Court abrogated this court's holding in *Cepeda-Rios*, and it held that a second state offense for simple drug possession is not an aggravated felony if that conviction "has not been enhanced based on the fact of a prior conviction." *Carachuri-Rosendo*, 130 S. Ct. at 2589. The record, as supplemented by the Government, shows that Pizano's prior convictions for simple possession of a controlled substance were not enhanced based on the fact of a prior conviction. Accordingly, as the Government concedes, the application of the enhancement was erroneous.

When a procedural error occurs at sentencing, a remand is required unless the error was harmless. *United States v. Delgado-Martinez*, 564 F.3d 750, 752-53 (5th Cir. 2009). In this case, nothing in the record indicates that the district court "had a particular sentence in mind and would have imposed it, notwithstanding the error." *United States v. Ibarra-Luna*, 628 F.3d 712, 718

3

(5th Cir. 2010) (internal quotation marks and citation omitted).  Furthermore, as the sentence was an upward departure based on the Guidelines as opposed to an upward variance outside of the Guidelines, the sentence appears to have been directly influenced by the incorrectly calculated guidelines sentence range.  Thus, as the Government concedes, the error was not harmless.  *See id.* at 718-19.  Accordingly, we vacate Pizano's sentence and remand this case to the district court for resentencing.

Pizano has filed a pro se motion complaining about the performance of his appointed counsel and requesting that this court order counsel to provide him with documents from his case.  However, "[u]nless specifically directed by court order, pro se motions, briefs or correspondence will not be filed if the party is represented by counsel."  5TH CIR. R. 28.6.  Therefore, we will not consider the motion.  If Pizano believes that his counsel is not providing adequate representation, he may move for the appointment of substitute counsel in the district court on remand.

Appointed counsel failed to follow this court's previous order by not briefing the issue whether the application of the eight-level enhancement under § 2L1.2(b)(1)(C) was erroneous, and counsel filed a brief that is wholly inadequate.  Counsel Cheryl Harris Diggs is ordered to show cause within 30 days why she should not be denied payment for services rendered and expenses incurred in relation to this appeal for failing to follow this court's previous order and for filing an inadequate brief.

VACATED AND REMANDED FOR RESENTENCING; MOTION FOR PRODUCTION OF DOCUMENTS DENIED; SHOW CAUSE ORDER ISSUED.