# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-11303
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 3, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BERNARDO RODRIGUEZ-GALLEGOS, also known as Gumaro Vigil-Rodriguez,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-162-1

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Bernardo Rodriguez-Gallegos appeals the 60-month sentence imposed following his guilty plea conviction for illegally reentering the United States following deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2). The sentence represents an upward variance from the guidelines range of 33 to 41 months of imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11303

On appeal, Rodriguez-Gallegos argues that he should have received an additional one-level reduction in his offense level based on his acceptance of responsibility and that it was error for the Government to have declined to move for the third acceptance-of-responsibility level based on his refusal to agree to waive his right to appeal.  *See* U.S.S.G. § 3E1.1(b).

The Government concedes that it was error to withhold the additional level and that the properly-calculated guidelines sentencing range is 30 to 37 months of imprisonment.  However, the Government argues that Rodriguez-Gallegos failed to preserve the issue for appeal and cannot demonstrate reversible plain error because he cannot show that the error affects his substantial rights.  The Government alternatively asserts that the error was harmless because the district court would have imposed the same sentence without the error.

The challenge raised by Rodriguez-Gallegos in the district court was sufficient "to alert the district court to the nature of the alleged error and to provide an opportunity for correction."  *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009).  Thus, remand is appropriate unless the error was harmless.  *United States v. Delgado-Martinez*, 564 F.3d 750, 752-53 (5th Cir. 2009).

In *United States v. Newson*, 515 F.3d 374, 376-79 (5th Cir. 2008), *abrogated by United States v. Palacios*, ___ F.3d ___, No. 13-40153, 2014 WL 2119096, 1 & n.1 (5th Cir. May 21, 2014), this court held that a district court may not award a reduction pursuant to § 3E1.1(b) absent a motion from the Government and that a "defendant's refusal to waive his right to appeal is a proper basis for the Government to decline to make such a motion."  However, recognizing a circuit split on this issue, the Sentencing Commission amended § 3E1.1's commentary, effective November 1, 2013.  *See* U.S. Sentencing

2

Guidelines Manual, supp. to app. C, Amendment 775, at 43-46 (2013). The amendment modified the commentary to § 3E1.1 to provide that the Government should not withhold a motion for the additional one-level reduction "based on interests not identified in § 3E1.1, such as whether the defendant agrees to waive his or her right to appeal." *See United States v. Garcia-Carillo*, 749 F.3d 376, 377 (5th Cir. 2014) (internal quotation marks and citation omitted).

The amendment to § 3E1.1 therefore unequivocally shows that it was error for the Government to decline to award Rodriguez-Gallegos the additional reduction for acceptance of responsibility based on Rodriguez-Gallegos's refusal to waive his right to appeal. This error "may not be excused unless two requirements are met." *United States v. Ibarra-Luna*, 628 F.3d 712, 718 (5th Cir. 2010). First, the Government "must convincingly demonstrate that the district court would have imposed a sentence outside the correct Guidelines range for the same reasons it gave for imposing a sentence outside the miscalculated Guidelines range." *Id.* Next, the Government "must show that the [] sentence the district court imposed was not influenced in any way by the erroneous Guidelines calculation." *Id.*

In the instant case, the Government has satisfied its first hurdle. As the Government points out, the transcript of the sentencing hearing evinces that the district court would have imposed a sentence outside a reduced Guideline range for the same reasons it imposed a sentence above the miscalculated Guideline range. Indeed, the district court stated: "There is nothing that would, I think, undermine respect for the law more than for the Court to give you anything less than the 57-month sentence [which had been imposed in a prior case]." The district court's remarks "convincingly demonstrate" that the

district court would have imposed an upward variance even if the sentencing reduction had been applied pursuant to § 3E1.1(b).

However, we "cannot state with the requisite certainty" that the sentence ultimately imposed was "not influenced in any way by the erroneous Guidelines calculation." *Ibarra-Luna*, 628 F.3d at 719. Although the imposed sentence was clearly calibrated against the backdrop of the prior 57-month sentence, the district court's remarks with regard to the confusion over the applicability of § 3E1.1(b) raises a sufficient possibility that the district court's sentence was influenced—at least in part—by the erroneous Guidelines calculation. *Id.* Specifically, the court stated: "So far as the point, the extra point regarding the government, I have considered all of that, and I wish we did have some clarification on whether or not Congress, when they enacted that under the Protect Act to give the government the extra point, how that reconciles with the Sentencing Commission. I think it would help the courts to know, but we don't know. But considering all those circumstances, *I don't think the Court has any leeway here under that particular proviso; the sentence stands*." (emphasis added). We believe the district court's statement evinces a sufficient likelihood that the sentence ultimately imposed was influenced in some way by the erroneous Guidelines calculation.

For these reasons, we therefore VACATE Rodriguez-Gallegos's sentence and REMAND for resentencing consistent with this opinion.