# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10227

United States Court of Appeals
Fifth Circuit

**FILED**

April 16, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RAUL MIRABAL, JR.,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-43-1

Before JOLLY and DENNIS, Circuit Judges, and RAMOS,* District Judge.

PER CURIAM:**

Raul Mirabal, Jr., refused to waive his right to appeal his sentence. For this reason, he was denied a one-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b). Now exercising his right to appeal, he argues that his failure to waive appellate rights is an impermissible reason to deny the §3E1.1(b) reduction. Because he did not raise this objection in the district

---

* District Judge of the Southern District of Texas, sitting by designation.
** Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-10227

court, our review is for plain error only.  Reviewing for plain error, we AFFIRM Mirabal's sentence, because Mirabal has not satisfied the criteria for plain-error review.

## I.

Mirabal was detained by Grapevine, Texas police in connection with a domestic disturbance involving his estranged wife, J.M., and their three-year-old son, M.M.  At the time of the disturbance, a restraining order prohibited Mirabal from being near J.M. or M.M.  The order also prohibited him from communicating with J.M. or M.M. in a threatening or harassing manner.

According to the presentence report (PSR), during the nine-hour disturbance, Mirabal threatened to kill J.M. and M.M., used a gun to intimidate J.M., and coerced J.M. into performing a sex act by threatening to shoot her and M.M.  The PSR further indicates that Mirabal assaulted J.M., causing two black eyes, fracturing her left eye's orbital bone, and causing abrasions to her neck and upper arm.  At the time law-enforcement officials arrived and interrupted the disturbance, Mirabal was having J.M. pack her things in preparation for a "trip to the desert."  J.M. led the officials to Mirabal's backpack, which contained a loaded handgun.

 Mirabal was charged with possession of a firearm while subject to a qualifying protective order, in violation of 18 U.S.C. § 922(g)(8).[1]  He pled guilty.

---

[1] Section 922(g)(8) prohibits the possession of a firearm by a person "who is subject to a court order that—
 (A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;
 (B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and
 (C) (i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or

No. 14-10227

Before sentencing, the probation office prepared an addendum to the PSR.[2]  In the addendum, the probation office calculated a total offense level of 25, which, coupled with a criminal-history category of I, produced a Guidelines range of 57–71 months.  The total offense level included a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).[3]  It did not, however, include an additional one-level acceptance-of-responsibility reduction under § 3E1.1(b).  That reduction is available only after motion by the government.  U.S.S.G. § 3E1.1 cmt. n.6.  The PSR stated that, because Mirabal "failed to waive certain appellate rights," the government would not move for the reduction.  Finally, the probation office suggested that an upward departure may be appropriate, given that Mirabal had sexually assaulted J.M., threatened to kill his three-year-old son, and subjected J.M. and M.M. to approximately nine hours of psychological trauma and risk of injury or death.

At sentencing, the district court adopted the PSR and addendum, except that it sustained Mirabal's objection to a two-level increase applied by the PSR.  Thus, the district court determined that the offense level was 23 and the criminal-history category was I.  The district court decided to vary upward by three offense levels, however, "for the reasons stated by the government and also as stated in the PSR and the addendum."  This variance raised the offense level to 26, yielding a Guidelines range of 63–78 months.

The district court sentenced Mirabal to 72 months, and Mirabal appealed.

---

(ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury."

18 U.S.C. § 922(g)(8).

[2] The addendum changed the original PSR's recommendations in the light of objections made by both Mirabal and the government.

[3] Specifically, the § 3E1.1(a) reduction applies "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense."  U.S.S.G. § 3E1.1(a).

II.

Mirabal argues that the government erred in withholding the third-level reduction under U.S.S.G. § 3E1.1(b) on grounds that he did not waive his appellate rights.  He did not raise this argument before the district court. Accordingly, the parties agree that our review is for plain error only.

To establish plain error, Mirabal "must show that (1) there is an error, (2) the error is clear or obvious, and (3) the error affects his substantial rights." *United States v. Salinas*, 480 F.3d 750, 756 (5th Cir. 2007) (internal quotation marks omitted) (citing Fed. R. Crim. P. 52(b)).  If he does so, we may grant relief, "but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Cotton*, 535 U.S. 625, 631 (2002) (internal quotation marks omitted).

A.

The government concedes that the first two prongs of plain-error review are satisfied.[4]  Section 3E1.1(b) provides that under certain circumstances, a defendant who "timely notif[ies] authorities of his intention to enter a plea of guilty" may earn a one-level reduction in his offense level, but only upon a motion by the government.  U.S.S.G. § 3E1.1(b).  According to the PSR, the government withheld the motion, not because Mirabal did not timely plead guilty, but because he "failed to waive certain appellate rights."  Formerly, we had considered this a permissible basis to withhold a § 3E1.1(b) motion.  *See United States v. Newsom*, 515 F.3d 374, 378 (5th Cir. 2008).  But as we recognized in *United States v. Palacios*, 756 F.3d 325, 326 (5th Cir. 2014), that position no longer comports with the Guidelines; the commentary now provides

---

[4] More precisely, the government concedes that, *if* Mirabal were denied the § 3E1.1(b) reduction because he refused to waive his appellate rights, that would be plain error.  As discussed in Part I and again below, the PSR indicates that Mirabal's refusal to waive his appellate rights indeed was the reason the government did not move for the reduction.

No. 14-10227

that "the government should not withhold . . . a [§ 3E1.1(b)] motion based on . . . whether the defendant agrees to waive his or her right to appeal."  U.S.S.G. § 3E1.1 comment. n.6; *see also Palacios*, 756 F.3d at 326 n.1 (recognizing that Application Note 6 abrogated *Newsom*).

Given the specific text of Application Note 6, as well as this court's decision in *Palacios*, the district court erred when it allowed the government to withhold its motion on the ground that Mirabal refused to waive his appellate rights.  *See United States v. Torres-Perez*, 777 F.3d 764, 768 (2015) (holding that "it is now unquestionably clear under our precedent that" the government may not withhold a § 3E1.1(b) motion due to the defendant's failure to waive his appellate rights).  Moreover, given the clarity of the law, that error was plain.  *See id.*; *see also United States v. Valles*, 484 F.3d 745, 759 (5th Cir. 2007) ("An error is 'plain' if it is clear under current law.").

B.

We proceed, then, to the third prong of plain-error review.  This prong requires Mirabal to show that "the error affects his substantial rights." *Salinas*, 480 F.3d at 756.  "A sentencing error affects a defendant's substantial rights if he can show a reasonable probability that, but for the district court's misapplication of the Guidelines, he would have received a lesser sentence." *United States v. John*, 597 F.3d 263, 285 (5th Cir. 2010).  The defendant bears the burden of proving an effect on substantial rights.  *See, e.g., United States v. Mares*, 402 F.3d 511, 521 (5th Cir. 2005).  This burden, according to the Supreme Court, is "not . . . too easy" to carry.  *United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004).

Mirabal argues that the error affected his substantial rights because, although the district court varied upward three levels from the Guidelines range, it began its upward variance from the wrong "reference point."  If application of the § 3E1.1 reduction had properly been granted, the correct

5

No. 14-10227

"reference point" would have been an offense level of 22. The district court would then have varied upward by the same three levels from 22 instead of 23, Mirabal says, and the final offense level would have been 25, yielding a Guidelines range of 57–71 months—not 26 and 63–78 months.

Mirabal's argument does not demonstrate that his substantial rights were affected by the district court's error for the reason that we cannot assume the district court would have applied only the same three-level variance to the correct offense level. To be sure, in similar but limited circumstances we have presumed that the defendant would have received a lesser sentence. For instance, in *United States v. Mudekunye*, we noted that such a presumption may be appropriate when "the incorrect range is significantly higher than the true Guidelines range." 646 F.3d 281, 289 (5th Cir. 2011). Similarly, in *United States v. Hernandez*, we explained that, even absent additional evidence, a defendant has shown an effect on his substantial rights when (1) there is a "substantial . . . disparity between the top-end of the correct Guidelines range and the sentence imposed"; and (2) there is no "indication in the record that the district court would have imposed an above-Guidelines sentence if it had considered the correct range." 690 F.3d 613, 621 (5th Cir. 2012).

But as the government points out, those exceptional circumstances are absent here. The incorrect range of 63–78 months is not "significantly higher" than the correct range of 57–71 months; instead, the ranges overlap by nine months. Moreover, given that all federal sentences are designated in months, the one-month disparity between the top end of the correct Guidelines range—71 months—and the sentence imposed—72 months—cannot constitute a "substantial . . . disparity" for the purposes of our presumption. Thus, Mirabal cannot rely on a presumption to show that failure to apply the § 3E1.1 reduction affected his sentence; instead he must carry the ordinary burden to

6

establish that there is a reasonable probability "that the error affected the sentencing outcome." *United States v. Tang*, 718 F.3d 476, 483 (5th Cir. 2013).

He has not carried this evidentiary burden. Mirabal points to "no indication in the record from the sentencing judge's remarks or otherwise that gives any clue whether [the district court] would have" sentenced him differently had the government moved for the § 3E1.1(b) reduction. *Mares*, 402 F.3d at 522. Indeed, Mirabal's sole argument addressing the application of the third prong of plain error relates to the presumption noted above, but, as we have said, Mirabal cannot sustain his burden by relying on the presumption. Given "that the defendant rather than the government bears the burden of persuasion with respect to prejudice," this lack of evidence supporting Mirabal's contention that the district court would have imposed a different sentence is fatal to Mirabal's appeal. *Id.* at 521; *see also Jones v. United States*, 527 U.S. 373, 394–95 (1999) ("Where the effect of an alleged error is so uncertain, a defendant cannot meet his burden of showing that the error actually affected his substantial rights.").[5]

## C.

Given that Mirabal cannot satisfy the third prong of the plain-error test, we need not go further on. We briefly note, however, that his argument also fails on the fourth prong of plain-error review. Under that prong, we may exercise our "discretion to correct plain error only if it seriously affect[s] the

---

[5] The government emphasizes that, if anything, the record indicates that the district court would have imposed the same sentence even if it had applied the § 3E1.1(b) reduction. For instance, the district court structured the sentence as a non-Guidelines *variance*, instead of a Guidelines-based *departure*. *Cf. United States v. Pizano-Murillo*, 426 F. App'x 282, 283–84 (5th Cir. 2011) ("[A]s the sentence was an upward departure based on the Guidelines as opposed to an upward variance outside of the Guidelines, the sentence appears to have been directly influenced by the incorrectly calculated guidelines sentence range."). Moreover, when the government asked at sentencing whether the sentence "truly [was] a variance that is independent of the guidelines calculation," the district court answered affirmatively.

fairness, integrity, or public reputation of judicial proceedings." *Jones*, 527 U.S. at 389 (internal quotation marks omitted).

In arguing that we should exercise our discretion to correct this error, Mirabal only repeats his third-prong argument—that, but for the error, he likely would have received a shorter sentence. We reiterate that the difference between the sentence imposed and the top end of the correct Guidelines range is the minimum possible—a single month. *Compare United States v. Avalos-Martinez*, 700 F.3d 148, 154 (5th Cir. 2012) (declining to correct plain sentencing error when the sentence exceeded the correct Guidelines range by one month) *with, e.g., Mudekunye*, 646 F.3d at 291 (correcting plain sentencing error when the sentence exceeded the correct Guidelines range by 19 months).

Nor has Mirabal's sentence "result[ed] in a manifest miscarriage of justice" such that we may exercise our discretion to correct it. *See Seale*, 600 F.3d at 490. Mirabal did not just *possess* a firearm while subject to a qualifying protective order, he brandished it in front of a protected party, J.M., while threatening to use it to kill both her and their three-year-old son. Moreover, he did this in the midst of a nine-hour disturbance during which he both beat J.M. until he fractured a bone in her face and coerced her into performing a sex act. The error in Mirabal's sentence casts no doubt on the fairness, integrity, or public reputation of judicial proceedings. *See Davis*, 602 F.3d at 651.

### III.

Although it was plain error to deny Mirabal a one-level sentence reduction under U.S.S.G. § 3E1.1(b) because he failed to waive his appellate rights, Mirabal has not proved a reasonable probability that this error affected his sentence. Furthermore, even if he had advanced to the fourth prong of plain-error review, we could not exercise our discretion to correct the error. Mirabal's sentence is in all respects, therefore,

No. 14-10227

AFFIRMED.

No. 14-10227

JAMES L. DENNIS, concurring in the judgment:

The sole issue on appeal is whether the district court committed reversible error by permitting the Government to decline to move for a third point reduction under U.S.S.G. § 3E1.1 based on Mirabal's refusal to waive his appellate rights. I agree with the majority that, because Mirabal failed to object to the Government's decision not to move for a third-point reduction under § 3E1.1(b), we review for plain error and apply the well-established four-pronged inquiry to determine whether Mirabal is entitled to resentencing:

> (1) there must be an error or defect—some sort of [d]eviation from a legal rule—that has not been intentionally relinquished or abandoned; (2) the legal error must be clear or obvious, rather than subject to reasonable dispute; (3) the error must have affected the appellant's substantial rights; and (4) if the above three prongs are satisfied, the court of appeals has the discretion to remedy the error—discretion which ought to be exercised only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.

*United States v. Garza*, 706 F.3d 655, 662 (5th Cir. 2013).  I likewise agree that prongs one and two of the plain error test have been met here, as our case law makes it abundantly clear that the Government may not decline to move for a third point reduction pursuant to U.S.S.G. § 3E1.1(b) based upon a defendant's refusal to waive his appellate rights,[1] and the presentence report (PSR) in this case indicates that the Government decided not to move for the one-point reduction for this prohibited reason.  Further, I agree that in light of "the degree of the error and the particular facts of the case[,]" Mirabal has not

---

[1] *See United States v. Palacios*, 756 F.3d 325, 326 (5th Cir. 2014); *United States v. Torres-Perez*, No. 14-10154, 2015 WL 394105, at *3, ---F.3d--- (5th Cir. Jan. 29, 2015); *United States v. Rodriguez-Gallegos*, 581 F. App'x 378, 379 (5th Cir. 2014) (unpublished) ("The amendment to § 3E1.1 . . . unequivocally shows that it was error for the Government to decline to award [the defendant] the additional reduction for acceptance of responsibility based on [his] refusal to waive his right to appeal.").

established that this error warrants the exercise our discretion to correct the district court's mistake. *United States v. John*, 597 F.3d 263, 288 (5th Cir. 2010).

I write separately to note that I would not reach the third prong of plain error review. As I see it, whether there is a reasonable probability that, but for the error, Mirabal's sentence would have been lower presents a closer question than the majority opinion acknowledges.[2] However, in light of our unanimous conclusion that the error did not "seriously affect[] the fairness, integrity or public reputation of judicial proceedings," *Garza*, 706 F.3d at 662, an inquiry into whether Mirabal's substantial rights were affected is unnecessary to resolve this appeal.

---

[2] I agree with the majority that the facts of this case do not permit the court to *presume* that the clear error affected Mirabal's substantial rights because the incorrect Guidelines range is not "significantly higher" than the true Guidelines range. *See United States v. Mudekunye*, 646 F.3d 281, 289 (5th Cir. 2011). In the absence of the presumption, however, a defendant may nonetheless establish that his substantial rights were affected by pointing to "additional evidence" in the record to demonstrate that the erroneously calculated Guideline range was a "primary factor in the selection of" his sentence. *See United States v. Pratt*, 728 F.3d 463, 482 (5th Cir. 2013) *cert. denied*, 134 S. Ct. 1328 (2014). Whether there is such "additional evidence" here is a close question because the district court used an erroneously calculated offense level as the starting point in structuring his sentence but, thereafter, answered affirmatively when asked whether the sentence was a variance from the Guidelines. As noted, we need not reach this question to resolve Mirabal's appeal.