# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10221
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 19, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

BERNARDO RODRIGUEZ-GALLEGOS, also known as Gumaro Vigil-Rodriguez,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-162

Before BARKSDALE, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

After being convicted in 2013 of illegally reentering the United States after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2), Bernardo Rodriguez-Gallegos was sentenced to 60 months' imprisonment, an upward variance from the advisory Guidelines sentencing range of 33 to 41 months.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

The district court attributed the upward variance to, *inter alia*, Rodriguez' serious and ongoing criminal history.

Rodriguez appealed from his sentence, maintaining the Government erred in failing to move for a third acceptance-of-responsibility point at sentencing, which would have resulted in a lower advisory sentencing range: 30 to 37 months, rather than 33 to 41. *United States v. Rodriguez-Gallegos*, 581 F. App'x 378, 379 (5th Cir. 2014).

In considering Rodriguez' sentence, our court noted: "The district court's remarks convincingly demonstrate[d] that [it] would have imposed an upward variance even if the sentencing reduction had been applied". *Id.* at 380 (internal quotation marks omitted). Nevertheless, because our court "c[ould] not state with the requisite certainty that the sentence ultimately imposed was not influenced in any way by the erroneous Guidelines calculation", Rodriguez' sentence was vacated, and the matter was remanded for resentencing. *Id.* (internal quotation marks omitted).

On remand, Rodriguez' Pre-Sentence Investigation Report was amended, resulting in the above-described advisory sentencing range of 30 to 37 months. But, citing Rodriguez' serious criminal history, the court adopted the same reasons for an upward variance stated in the first sentencing hearing, and again sentenced him to 60 months' imprisonment. Rodriguez challenges his sentence, contending it is unreasonable because it is greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a).

Non-Guidelines sentences are reviewed for reasonableness, in the light of the § 3553(a) factors. *Gall v. United States*, 552 U.S. 38, 51 (2007). In analyzing a substantive-reasonableness challenge, we "consider the totality of the circumstances, including the extent of any variance from the Guidelines

[sentencing] range". *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (internal quotation marks omitted).

The record reflects the district court did not:  fail to account for a factor that should have received significant weight; give weight to an improper or irrelevant factor; or clearly err in balancing the § 3553(a) factors. *E.g., United States v. Chandler*, 732 F.3d 434, 437 (5th Cir. 2013).  Moreover, we defer to district court's determination that the § 3553(a) factors, on balance, justify the extent of the upward variance imposed.  *See, e.g., id.* at 437–38 (citing *United States v. Broussard*, 669 F.3d 537, 551 (5th Cir. 2012)).

AFFIRMED.